UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

DARRELL MOCCIA and                                        Chapter 7
DARLENE MOCCIA,                                           Case No. 18-41117-TJT
                                                          Hon. Thomas J. Tucker

       Debtors.
_____/

## MOTION FOR ORDER AUTHORIZING COMPROMISE
## OF NON-EXEMPT EQUITY IN PROPERTY AND FOR ABANDONMENT

Gene R. Kohut the Chapter 7 Trustee of Darrell Moccia and Darlene Moccia, by his attorneys Gold, Lange & Majoros, P.C., submits this motion pursuant to Fed. R. Bankr. P. 9019(a), 6007(a), & 9014 for entry of an order authorizing the Trustee to compromise the bankruptcy estate's claims for non-exempt equity in property and for abandonment. (See Exhibit 1).

IN SUPPORT of this motion, the Trustee states:

### Jurisdiction

1. This is a contested matter brought pursuant to Fed. R. Bankr. P. 9014 & 9019(a), 11 U.S.C. § 554(a) and E.D. Mich. LBR 7041-1.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) & (E) over which this court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(1).

### Facts

3. On January 30, 2018, Darrell Moccia and Darlene Moccia ("the debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code ("the petition date").

4. Gene R. Kohut is the duly appointed Chapter 7 Trustee of the debtors' estate ("Trustee").

5. The Trustee investigated the debtors' financial affairs as well as the nature and value of the estate's interest in property.

6. As a result of the investigation, the Trustee identified the following property interests to be pursued, liquidated, or compromised involving the debtors:

   a. The bankruptcy estate's 100% shareholder interest in MacClaren Transportation and Produce Services, Inc., a trucking brokerage business.

   b. An alleged shareholder loan of $21,949.90 owed to the bankruptcy estate by MacClaren Transportation and Produce Services, Inc. On October 17, 2018, the Trustee filed a complaint against the company for a money judgment to collect the loan.

7. The company filed an answer to the complaint denying any liability. The debtors assert that the stock in MacClaren Transportation and Produce Services, Inc. is worthless given outstanding claims against the company by disgruntled customers. The Trustee also notes that MacClaren Transportation and Produce Services, Inc. is essentially a personal service company dependent upon the continued services of the debtors to remain in operation.

8. The Trustee, MacClaren Transportation and Produce Services, Inc. and the debtors have agreed to entry of the attached proposed order, subject to court approval, providing for a payment of $16,000.00 to the bankruptcy estate in exchange for a release all of the Trustee's claims against the MacClaren Transportation and Produce Services, Inc. and for abandonment of the estate's shareholder interest.

9. In connection with the investigation of debtors' financial affairs, the Trustee has conducted discovery. The case was not referred to the United States Trustee's Office for civil or criminal action.

10. The settlement between the parties is memorialized in the written Stipulation for Entry of Order Authorizing Compromise Non-exempt Equity In property and For Abandonment between the parties previously filed with the Court. There were two (2) orders entered extending the deadline for objections to discharge to August 20, 2018.

11. There are no funds in the estate. To date, professional fees of Trustee's counsel total approximately $6,000.00. At the closing of the case Trustee's counsel has agreed to voluntarily reduce fees, as may be necessary, to limit administrative expenses consistent with U.S. Trustee guidelines in order to provide a dividend to creditors.

12. The proposed settlement will allow the Trustee to pay administrative expenses and make a distribution to unsecured creditors.

## **Argument**

13. The Trustee believes that this settlement is in the best interests of the bankruptcy estate and its creditors for the reasons that, among others, the settlement saves the time and costs of litigation, avoids the risk of adverse decisions, and results in a favorable settlement.

14. The Sixth Circuit Bankruptcy Appellate Panel has held that the bankruptcy court may approve a settlement if it is fair and equitable. Olson v. Anderson, 377 B.R. 865, 870 (B.A.P. 6th Cir. 2007).

15. The Sixth Circuit Bankruptcy Appellate Panel has also held that "[t]he court must weigh the conflicting interests of all relevant parties, 'considering such factors as the probability of success on the merits, the complexity and expense of litigation, and the reasonable views of

creditors.'" Id. at 870-871 (citing Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir. 1988).

16.     The Trustee, in recommending that this Court approve the proposed compromise, has given due weight to the three (3) criteria set forth above and believes that the proposed compromise is fair, equitable and in the best interest of all interested parties.

WHEREFORE, the Trustee requests that this Court enter an order approving a compromise and permitting the Trustee to execute any further documents necessary to consummate the compromise.

Respectfully Submitted,

GOLD, LANGE & MAJOROS, P.C.

Dated: March 5, 2019            /s/ Elias T. Majoros
ELIAS T. MAJOROS
Attorneys for Trustee
24901 Northwestern Highway, Suite 444
Southfield, Michigan 48075
(248) 350-8220
emajoros@glmpc.com
(P41040)

H:\GLM OTHER TRUSTEES\Moccia, Darrell & Darlene (Kohut)\Compromise\Motion to Compromise Claims.pko.docx

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

DARRELL MOCCIA and                              Chapter 7
DARLENE MOCCIA,                                Case No. 18-41117-TJT
                                                                      Hon. Thomas J. Tucker

        Debtors.
_____/

**ORDER AUTHORIZING COMPROMISE OF
NON-EXEMPT EQUITY IN PROPERTY AND FOR ABANDONMENT**

This matter came before the Court upon the Stipulation for Entry of Order Authorizing Compromise of Non-Exempt Equity in Property and For Abandonment ("the Stipulation") and the Motion for Order Authorizing Trustee to Compromise Non-Exempt Equity in Property and For Abandonment ("the Motion"). The Motion and related notice to creditors were served on all parties on the matrix of creditors and the U.S. Trustee. No objections to the Motion were timely filed and served. The Court finds the relief requested is in the best interest of the bankruptcy estate, creditors and other parties in interest. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(E). Venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Court being otherwise duly advised in the premises.

IT IS HEREBY ORDERED as follows:

1.      The Motion is granted.

# EXHIBIT 1

2. MacClaren Transportation and Produce Services, Inc. and the debtors are jointly and severally liable to and shall pay the bankruptcy estate $16,000.00 ("the Liability"). MacClaren Transportation and Produce Services, Inc. and the debtors shall pay the bankruptcy estate an initial payment of $10,000.00 upon execution of the Stipulation ("the initial payment"). MacClaren Transportation and Produce Services, Inc. and the debtors shall pay the balance of the Liability in consecutive equal monthly payments of $750.00 starting on April 1, 2019 and on the 1st day of each consecutive month thereafter until the Liability is satisfied. All checks shall be made payable to "Gene Kohut, Trustee of Moccia" and delivered in c/o Elias T. Majoros, Gold, Lange & Majoros, P.C., 24901 Northwestern Hwy., Suite 444, Southfield, Michigan 48075. In the event of any default, the Trustee shall provide MacClaren Transportation and Produce Services, Inc. and the debtors with written notice of default. If the default is not cured within ten (10) calendar days after the date on which Trustee serves his written notice of default, then this Order will then constitute a judgment pursuant to Fed. R. Civ. P. 69(a) permitting the Trustee to take collection action against MacClaren Transportation and Produce Services, Inc. and the debtors for the balance of the Liability along with reasonable attorney's fees incurred in collection of the Liability following default.

3. Upon satisfaction of the Liability under this Order, the Trustee and bankruptcy estate waive and release any claims for unpaid shareholder loans against MacClaren Transportation and Produce Services, Inc. Further, upon satisfaction of the Liability under this Order, the Trustee and bankruptcy estate shall be deemed to have abandoned the bankruptcy estate's shareholder interest in MacClaren Transportation and Produce Services, Inc.

4. Upon satisfaction of the Liability under this Order, the Trustee and bankruptcy estate waives and releases any claims against the debtors for all property listed on Schedule A/B.

5. After the parties have executed the Stipulation the Trustee shall promptly file a Notice of Pending Settlement in adversary proceeding number 18-04487.

6. Upon entry of this Order and the Trustee's receipt of the initial payment, the Trustee will dismiss his complaint against MacClaren Transportation and Produce Services, Inc. in adversary proceeding number 18-04487 with prejudice and without costs to either party.

7. The Trustee may execute such documents and agreements and perform such acts on behalf of the bankruptcy estate, as may be necessary and appropriate to implement, effectuate, and consummate the provisions of this order.

8. Notwithstanding the provisions of Rule 62(a) of the Federal Rules of Civil Procedure and/or any other applicable rule or statutory provision, this Order shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon entry hereof.

Form B20A (Official Form 20A)
Revised 12/1/16

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

DARRELL MOCCIA and                  Chapter 7
DARLENE MOCCIA,                      Case No. 18-41117-TJT
                                       Hon. Thomas J. Tucker
      Debtors.
_____/

2140 Sheraton
Trenton, MI 48183
xxx-xx-0594
xxx-xx-3420

**NOTICE OF MOTION FOR ORDER AUTHORIZING COMPROMISE
OF NON-EXEMPT EQUITY IN PROPERTY AND FOR ABANDONMENT**

      Gene R. Kohut, the Chapter 7 Trustee of Darrell Moccia and Darlene Moccia, has filed a Motion for Order Authorizing Compromise of Non-Exempt Equity in Property and For Abandonment. The Trustee has agreed to resolve his claims against MacClaren Transportation and Produce Services, Inc., and abandon the estate's shareholder interest in MacClaren Transportation and Produce Services, Inc., subject to bankruptcy court approval, in exchange for payment of $16,000.00 to the bankruptcy estate. The settlement will allow the Trustee to pay administrative expenses and make a distribution to unsecured creditors. The Trustee believes that the proposed compromise is fair, reasonable, and in the best interest of the bankruptcy estate and creditors.

      **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the court to grant the relief sought in the motion or if you want the court to consider your views on the motion, within 21 days, you or your attorney must:

1.     File with the court a written objection or request for hearing, explaining your position, at:[1]

---

[1] Objection or request for hearing must comply with F.R.Civ.P. 8(b), (c) and (e)

# EXHIBIT 2

United States Bankruptcy Court
211 W. Fort Street, Suite 1700
Detroit, Michigan 48226

If you mail your objection or request for hearing to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also send a copy to:

Elias T. Majoros, Esq.
Gold, Lange & Majoros, P.C.
24901 Northwestern Highway, Suite 444
Southfield, Michigan 48075

2. If an objection or request for hearing is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

GOLD, LANGE & MAJOROS, P.C.

Dated: March 5, 2019
/s/ Elias T. Majoros
ELIAS T. MAJOROS
Attorneys for Trustee
24901 Northwestern Highway, Suite 444
Southfield, Michigan 48075
(248) 350-8220
emajoros@glmpc.com
(P41040)

H:\GLM OTHER TRUSTEES\Moccia, Darrell & Darlene (Kohut)\Compromise\Motion to Compromise Claims.pko.docx

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

DARRELL MOCCIA and  Chapter 7
DARLENE MOCCIA,  Case No. 18-41117-TJT
 Hon. Thomas J. Tucker

    Debtors.
_____/

## CERTIFICATE OF SERVICE

    I hereby certify that on March 5, 2019, I electronically filed 1) Motion For Order Authorizing Compromise Of Non-Exempt Equity In Property and For Abandonment; 2) Notice of Motion For Order Authorizing Compromise Of Non-Exempt Equity In Property and For Abandonment; and 3) Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Office of the U.S. Trustee       Gene R. Kohut, Esq.
211 W. Fort Street, Suite 700      Kohut Law Group, PLLC
Detroit, MI 48226      17000 Kercheval Ave., Suite 210
     Grosse Pointe, MI 48230-1570

and I also hereby certify that I have mailed by First Class Mail with the United States Postal Service Notice of Motion For Order Authorizing Compromise Of Non-Exempt Equity In Property and For Abandonment to the following non-ECF participants:

    All parties listed on the matrix of creditors.

Dated: March 5, 2019       /s/ Elias T. Majoros
     ELIAS T. MAJOROS
     Attorneys for Trustee
     24901 Northwestern Highway, Suite 444
     Southfield, Michigan 48075
     (248) 350-8220
     emajoros@glmpc.com
     (P41040)

H:\GLM OTHER TRUSTEES\Moccia, Darrell & Darlene (Kohut)\Compromise\Motion to Compromise Claims.pko.docx

# EXHIBIT 4